[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is the defendant's motion for summary judgment. The plaintiff's amended complaint contains a single count in which it is claimed that her employment with Blue Cross and Blue Shield of Connecticut, Inc. (BCBS) was wrongfully terminated. BCBS now moves for summary judgment on the ground that the plaintiff was an at-will employee and could be terminated from employment at any time and for any reason.
The affidavits and exhibits attached to the defendant's motion reveal that the plaintiff was hired as a psychiatric coordinator in December of 1993. The plaintiff was not hired for any particular length of time. BCBS provided the plaintiff with an employment handbook on her first day of work. The plaintiff identified the handbook she was given when she commenced work as the same one she was shown at her deposition.
The handbook specifically stated in its introductory pages entitled, in bold print,
"How to Use Your Handbook":
 [T]he contents of the handbook DO NOT CONSTITUTE THE TERMS OF A CONTRACT OF EMPLOYMENT. Nothing contained in this handbook should be construed as a guarantee of continued employment. Employment with Blue Cross Blue Shield of Connecticut, Inc. is on an at-will basis. This means that the employment relationship may be terminated at any time by either the employee or Blue Cross Blue Shield of Connecticut, Inc. for any reason not expressly prohibited by law. Any written or oral statement to the contrary by a supervisor, corporate officer, or other agent, of Blue Cross 
Blue Shield of Connecticut, Inc. is invalid and should not be relied upon by any prospective or existing employee. CT Page 12089
The plaintiff signed an acknowledgement card providing "I understand that this handbook does not create any express or implied contract rights", the card she signed was also attached to the motion for summary judgment. The plaintiff conceded in her deposition that she read the acknowledgement card before signing it. She also stated that she understood that the handbook did not create any contract rights and that she could be terminated at any time.
During the first six months of her employment the plaintiff committed many errors. These errors included misspelling names, incorrectly transcribing account numbers, using the wrong affiliate name and providing letters to insureds late. The plaintiff conceded that the mistakes she made were important problems. BCBS subsequently terminated the plaintiff for unsatisfactory job performance.
The plaintiff further claims that she was wrongfully terminated because BCBS had induced her to become its employee when it knew she was not experienced with computers or insurance and then failed to train her in these areas. The plaintiff claims that by terminating her employment BCBS violated the covenant of good faith in employment contracts and the good faith regulations in its employee manual.
Summary judgment should be granted when the pleadings, affidavits and other documents submitted demonstrate that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Practice Book § 378 et seq.; Connell v. Colwell,214 Conn. 242, 246 (1990); Zichichi v. Middlesex Memorial Hospital,204 Conn. 399, 402 (1987). A material fact is one that would alter the outcome of the case. Catz v. Rubenstein, 201 Conn. 39, 48 (1986). "Mere assertions of fact, whether contained in a complaint or brief, are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the courts under Practice Book § 380." Kakadelis v. Defabritis, 191 Conn. 276, 281 (1983), quotingBartha v. Waterbury House Wrecking Co., 190 Conn. 8, 12 (1983).
The first question that must be answered is whether the employment was at-will. The plaintiff was not hired for a definite period of time and, therefore, she was an at-will employee. Sheets v. Teddy's FrostedFood Inc., 179 Conn. 471, 474. The defendant could discharge the plaintiff at any time for a good reason, a bad reason, or no reason at all. The concept of good faith and fair dealing cannot be applied to change a contract of employment terminable at the will of either party into one terminable only at the will of the employee or for just cause. Magnan v.Anaconda Industries. Inc., 193 Conn. 558, 569. The exception to this rule CT Page 12090 is that the employer cannot discharge the employee for a demonstrably improper reason which amounts to a violation of an important public policy. The allegations of the complaint that the defendant was not properly trained after being convinced to leave another job on the promise that she would be trained in areas she was not familiar with and her subsequent termination because of unsatisfactory performance in these areas does not constitute a demonstrably improper reason for dismissal, a reason whose impropriety is derived from some important violation of public policy. Sheets v. Teddy's Frosted Foods. Inc., supra 475.
The plaintiff further attempts to remove herself from the at-will employment status by claiming that her employee handbook constituted a contract. Although representations in an employee handbook may under certain circumstances give rise to an express or implied contract between the employer and the employee, Finley v. Aetna Life and Casualty Co.,202 Conn. 190, such is not the case here. The employee handbook contained an appropriate disclaimer of the intent to contract. The language in the handbook and signed acknowledgement card establishes that the defendant did not intend the handbook to create any contract rights and that the plaintiff had no reasonable basis to conclude that any contract rights had been agreed upon. The defendant's motion for summary judgment is therefore granted.
O'Keefe, J.